**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4031**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ORLANDO JONES,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  James A. Beaty, Jr., Senior District Judge.  (1:14-cr-00375-JAB-1)

Submitted:  August 31, 2017                     Decided:  September 15, 2017

Before SHEDD and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Craig M. Cooley, COOLEY LAW OFFICE, Cary, North Carolina, for Appellant. JoAnna Gibson McFadden, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a jury trial, Orlando Jones was convicted of one count of armed bank robbery, and aiding and abetting, in violation of 18 U.S.C. §§ 2113(d), 2 (2012); he was acquitted on charges of brandishing a firearm during and in relation to a crime of violence, and aiding and abetting, 18 U.S.C. §§ 924(c)(1)(A)(ii), 2, and possession of a firearm by a person previously convicted of a felony offense, 18 U.S.C. §§ 922(g)(1), 924(e) (2012). The district court sentenced Jones to 282 months' imprisonment. Jones timely noted an appeal. For the reasons that follow, we grant Jones' motion to supplement his pro se brief, and we affirm his conviction and sentence.

Jones' counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), certifying that there are no meritorious grounds for appeal, but questioning whether the jury's verdict is factually inconsistent and, if so, whether the acquittals on the firearm charges invalidate Jones' conviction for armed bank robbery.

A criminal defendant who is convicted by a jury on one count may not attack his conviction on the ground that it is inconsistent with the jury's acquittal on another count. *Dunn v. United States*, 284 U.S. 390 (1932); *see United States v. Powell*, 469 U.S. 57, 64-65 (1984). Rather, "an inconsistent verdict can result from mistake, compromise, or lenity, and a jury could just as likely err in acquitting as in convicting." *United States v. Louthian*, 756 F.3d 295, 305 (4th Cir. 2014) (noting that several explanations existed for the jury's inconsistent verdicts); *see United States v. Hassan*, 742 F.3d 104, 144 n.36 (4th Cir. 2014) ("[A] jury is permitted to return an inconsistent verdict if it sees fit to do so."). Based on these principles, we conclude that the jury's acquittal of Jones on the firearm

charges does not invalidate his conviction on the charge of armed bank robbery and aiding and abetting. *See United States v. Mitchell*, 146 F.3d 1338, 1343-45 (11th Cir. 1998) (upholding conviction for armed robbery under 18 U.S.C. § 2113(d) where jury also acquitted on charge under 18 U.S.C. § 924(c)); *United States v. McCall*, 85 F.3d 1193, 1197-98 (6th Cir. 1996) (same); *see also United States v. Wallace*, 212 F.3d 1000, 1004 (7th Cir. 2000) (finding no inconsistency in verdicts of guilty on armed bank robbery and aiding and abetting charge and not guilty on charge of using a firearm during the commission of a crime of violence").

In his pro se supplemental briefs, Jones challenges the sufficiency of the evidence, the inconsistency of the verdict, the propriety of the district court's decision to decline to answer a jury question, and the application of the career offender sentencing enhancement. We grant Jones' motion to supplement his pro se brief. We have reviewed the issues raised in his brief as supplemented and conclude that Jones is not entitled to relief on these claims.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. Accordingly, we affirm the district court's judgment. This court requires that counsel inform Jones, in writing, of the right to petition the Supreme Court of the United States for further review. If Jones requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Jones. We dispense with oral

3

argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*